(Nos. 3517-3519, consolidated— .

RUBY SEFTON MATTHEWS AND CENTRAL ILLINOIS BUILDING, LOAN AND HOMESTEAD ASSOCIATION, No. 3517 AND MONETA K. REMINGTON, LOTTIE D. DAVIDSON, HARRY H. TAYLOR AND EFFE A. TAYLOR, No. 3519, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1944.*

WILLIAM F. SMITH, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Central Illinois Building Loan and Homestead Association, is the owner of the following real estate:

Lot 12 in Block 2 in Crang's Addition to Clinton, situated in the County of DeWitt, and State of Illinois,

subject to contract for sale to the claimant, Ruby Sefton Matthews. On June 5, 1940, claimants filed their com- plaint in this court alleging that the real estate had been damaged for public use within the meaning of Section 13, Article 2 of the Constitution of the State of Illinois. The complaint alleged that the construction of a subway by the State, on North Grant Avenue, in the City of Clinton, changed the grade at the intersecting point of the subway line and the property line of claimants' property; that the construction of the subway cut off claimants' natural, most useful, and efficient means of access, and ingress and egress to and from their property; that the construc- tion of the subway damaged the house located on the premises, damaged the foundation of the house, and damaged its interior furnishings; that the fair cash mar- ket value of the property before the construction was $1,500.00 to $2,000.00; that after the completion of the subway, the fair cash market value of the property was $600.00 to $750.00; and that claimants suffered damages in the amount of $1,000.00.

The claimant, Moneta K. Remington, is the owner of the following real estate:

Lot 8 in Block 2 in Crang's Addition to the City of Clinton, situated in the County of DeWitt and State of Illinois.

subject to the rights of the claimant, Lottie D. Davidson as tenant in possession. The claimants, Harry H. Tay- lor and Effe A. Taylor were the owners of the property at the time the alleged injury occurred. All damages to which they might be entitled as against the respondent have been assigned to the claimant, Moneta K. Reming- ton. On June 5, 1940, claimants filed their complaint in this court alleging that the real estate had been damaged

for public use within the meaning of Section 13, Article 2 of the Constitution of the State of Illinois. The complaint alleged that the construction of the North Grant Avenue subway, and road improvement in connection therewith, lowered the level of North Grant Avenue adjacent to their property; that the subway prevents the owners from entering or leaving the property by Grant Avenue, and compels them to enter and leave their property by a back entrance; that the construction of the subway substantially damaged the paint inside and outside of the dwelling house on the premises, and damaged the furnishings within the house; that the fair cash market value of the property before the construction was $3,500.00; that the fair cash market value of the property subsequent to the construction of the subway is $2,000.00; and that claimants suffered damages in the amount of $1,500.00.

On November 14, 1942, respondent filed answer to the complaint of Ruby Sefton Matthews, alleging that before the construction of the subway, she executed and delivered a deed to the State of Illinois dedicating a right of way for public road purposes in, over, and upon the identical property for which she seeks damages, and alleging that by this deed of dedication claimant is barred as a matter of law from maintaining her claim. Substantially the same answer was filed to the complaint of Moneta K. Remington. Evidence was taken in both cases, and filed in this court on October 15, 1942. On December 9, 1942, respondent filed its motion to dismiss the consolidated cases, reserving its right to introduce testimony on the merits in the event the motion should be denied.

The evidence discloses that a part of the properties in question were dedicated by claimants for public use in

connection with the identical public improvements which they allege to have been the cause of the damages they subsequently sustained. The evidence discloses no deviation from the plans and specifications for the improvement and construction of the subway, and discloses no misrepresentation by the respondent with reference to the deeds of dedication. Where an owner dedicates property for public use in connection with public improvements, the law conclusively presumes that the consideration for the dedication is based, not only on the value of the land dedicated, but any damages sustained to contiguous land of the owners by reason of the improvement. *Longden* vs. *State,* 12 C. C. R. 129; *Holtman, et al,* vs. *State,* 12 C. C. R. 212; *Lepski, et al,* vs. *State,* 10 C. C. R. 170; *Siekmann* vs. *State,* 10 C. C. R. 286.

The motion of the respondent must therefore be granted. Cases dismissed.